United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 15, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| **2425 WL, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-3043 |
| | § | |
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH,** | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT

This matter is before the Court on the Motion to Dismiss Amended Complaint for Equitable Subordination and Damages (the Motion to Dismiss") (ECF No. 21) filed by the defendant National Bank of Kuwait, S.A.K.P, New York Branch ("NBK"), and the response thereto (ECF No. 26) filed by the plaintiff, 2425 WL, LLC ("2425 WL" or "Plaintiff"). NBK is moving to dismiss the First Amended Complaint for Equitable Subordination and Damages (the "Amended Complaint") (ECF No. 20) as untimely, that it has not changed in any meaningful way from the original complaint, and thus the Amended Complaint fails to state a claim for relief pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. Pro.") 12(b)(6), and that the Plaintiff lacks standing to bring the Amended Complaint. For the following reasons, the motion to dismiss is granted.

This adversary proceeding was commenced on March 22, 2024 (ECF No. 1) and dismissed on May 14, 2024 (ECF No. 18). The order of dismissal gave 2425 WL 14 days to file an amended complaint, or until May 28, 2024. Thereafter, the Plaintiff filed its Amended Complaint on May 30, 2024 (ECF No. 20), two days late. In the Amended Complaint, the Plaintiff is requesting this Court to enter a judgment finding the NBK has engaged in inequitable conduct and is seeking equitable subordination as a result of that conduct. The Plaintiff has alleged that NBK engaged in actual fraud causing 2425 WL to suffer $25,000,000.00 in damages. These are the same causes of action that were in the original complaint.

Fed. R. Civ. Pro. 15(a)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure ("Fed. R. Bank. P.") 7015 requires a motion for leave to file a late amended complaint. In order to extend the time "for cause" a motion to extend the time must be filed "before

the time has expired."[1]  The Plaintiff did not file a motion for leave to file a late amended complaint.  Instead, it filed its Amended Complaint two days after the deadline set forth in this Court's order.

2425 WL, LLC has not addressed any reason for the late filing of the Amended Complaint in its response[2] to the motion to dismiss filed on July 10, 2024.  The Court finds that 2425 WL did not have written consent to file a late amended complaint, nor did it ask for leave from the Court to file a late amended complaint.

The Amended Complaint gave more specific details about the inequitable conduct and representations involved in the underlying loan transaction allegedly committed by NBK.  Those details did not change the nature of the Plaintiffs' claims. Accordingly, given the minimal changes from the original complaint, the Court is not of the opinion that justice requires allowing the late filed Amended Complaint.  The Court finds the Amended Complaint was untimely filed and must be dismissed.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss is **GRANTED** and the Plaintiff's First Amended Complaint is **DISMISSED** as untimely. Such dismissal disposes of all pending causes of action alleged by the Amended Complaint.  The adversary proceeding will, therefore, be dismissed and closed.

SIGNED 07/15/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[1] Fed. R. Bankr. P. 9006(b)(3).
[2] *Response to National Bank of Kuwait, S.A.K.P., New York Branch's Motion to Dismiss Amended Complaint for Equitable Subordination and Damages* (ECF NO. 26).